TORPY, J.
In this wrongful death case based upon alleged nursing home negligence, Appel *1208 lants, John and Geraldine Marshall, as personal representatives of the estate of their son, Joseph Marshall, challenge the final order granting summary judgment in favor of Appellees, HQM of Winter Park, LLC and Home Quality Management, Inc. Concluding that the grant of summary judgment was improper, we reverse.
On March 4, 2005, Joseph Marshall was admitted to Appellees’ facility for care related to an apparently terminal condition. The following day he died. The primary issue in this appeal is whether Appellees conclusively negated Appellants’ allegation and supporting medical opinion that Joseph’s death was caused by the negligence of Appellees.
At the hearing on Appellees’ motion for summary judgment, Appellees argued that Joseph’s death was caused by the apparent terminal condition that preceded his admission into Appellees’ facility. Although Appellees offered no medical testimony in support of their motion, they did file the death certificate for Joseph, which listed the causes of death and supported Appellees’ argument. Appellants, in turn, filed an affidavit of a doctor who opined that the cause of death was aspiration and vomiting due to the failure of Appellees to appropriately monitor Joseph’s oxygen levels throughout his residence, a cause not listed on the death certificate.
In granting summary judgment, the trial judge apparently gave conclusive effect to the death certificate and disregarded the opinion of Appellants’ expert. This was error. A death certificate is prima facie proof of the “fact, place, date, and time of death as well as the identity of the decedent.” § 731.103(1), Fla. Stat. (2007). It does not constitute prima facie proof of the cause of death, nor does it create conclusive proof of any fact related to the death. As it relates to the cause of death, it simply states the ultimate opinion of the attesting physician. When, as here, a conflicting medical opinion on causation is offered, summary judgment is not appropriate.
We have carefully considered the remaining arguments of Appellees related to the timeliness and sufficiency of the counter-affidavit and reject these arguments for the reasons argued by Appellants.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.